# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SCOTT BEAVERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| **COOKS PEST CONTROL, INC.,** | ) |
| | ) |
| **Defendant** | ) |

## COMPLAINT

COMES NOW, Scott Beavers, Plaintiff in the above-styled action, files his Complaint against Cooks Pest Control, Inc. and, in support thereof, would show as follows:

### JURISDICTION AND VENUE

1. All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

2. Federal jurisdiction exists pursuant to 28 U.S.C. § 1331 as to Plaintiff's claim violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA") and the Family and Medical Leave Act, 29 U.S.C. §§2611 *et seq*. (hereinafter the "FMLA").

**PARTIES**

3.      Plaintiff Scott Beavers is above the age of forty (40) and is a citizen of the State of Alabama.

4.      Defendant Cooks Pest Control is a domestic corporation incorporated in Morgan County, Alabama.

**CONDITIONS PRECEDENT**

5.      Plaintiff Scott Beavers has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."), alleging discrimination on the basis of his age against the Defendant.  A copy of said Charge of Discrimination is attached hereto and identified as "Exhibit A."

6.      Scott Beavers has received a Notice of Right-to-Sue from the E.E.O.C. and this action is being instituted within ninety (90) days of receipt by the Plaintiff of said Notice of Right-to-Sue, a copy of which is attached hereto and identified as "Exhibit B."[1]

**FACTUAL ALLEGATIONS**

7.      Plaintiff restates and realleges the allegations contained in paragraphs 1 through 6 as if fully set out herein.

8.      Plaintiff Scott Beavers was employed at Cooks Pest Control for nearly

---

[1] Plaintiff amended his Charge of Discrimination with the EEOC after his termination on January 14, 2021.  The EEOC created a separate, second Charge which is still pending before the EEOC. Plaintiff requests the right to amend this Complaint when the Right to Sue is issued on his second Charge as both arise out of the same set of operative facts.

thirty years. In 1996, he was promoted to District Manager.

9. In or around April 2019, Pete Sirten became the new Regional Vice President over Alabama.

10. In April 2020, Sirten told Plaintiff that he "suffered from O.L.D." Plaintiff reported this to Human Resources and they responded that they just handle payroll issues. Plaintiff turned sixty years old in June 2020.

11. In August of that same year, Plaintiff was demoted to a Quality Assurance manager, and his pay was decreased as well. The person that replaced Plaintiff was thirty-six years old with much less experience than Plaintiff.

12. In his position as Quality Assurance manager, Plaintiff was required to travel. He was also required to crawl on the ground under houses, something he had not done in many years.

13. Plaintiff again reported these issues to Human Resources and brought up the OLD comment again. Plaintiff spoke with Robin Jackson in person he never heard back from her or anyone in Human Resources.

14. On or about September 2020, Plaintiff went out on Family Medical Leave (FMLA) due to neck, back problems and depression.

15. On or about December 18, 2020, Plaintiff filed a Charge of Discrimination with the EEOC.

16. Plaintiff returned to work on January 4, 2021. On his first day back

from FMLA, he was approached by Ted Veitch and Andrew Davitt. Mr. Veitch questioned Plaintiff about whether or not he was taking medication. Plaintiff responded that he was on medication that was prescribed to him.

17. Mr. Veitch and Mr. Davitt asked if Plaintiff could drive legally. Plaintiff responded yes, and that he had been taking the medication for about 10 years for degenerative disc disease and that it had no impairment effects. Plaintiff told him that could not move around very well or crawl under houses if he didn't take the prescribed medication.

18. Plaintiff went to his physician who provided a note stating "Mr. Beavers demonstrates good driving skills, attention and awareness, and is anticipated to be a safe driver. It is recommended that he be able to resume driving without any restrictions."

19. After providing the physician's report to Mr. Veitch, Plaintiff was then told by Stephen Gates, Director of Technical Services, to take the note to HR director, Robin Jackson.

20. When Plaintiff met with Ms. Jackson, she asked him about travel. Plaintiff told her travel would be difficult for him in the Georgia territory. She asked if there wasn't something in the Alabama area. Plaintiff responded that he was sure there was, but he returned from FMLA, he was informed he had been assigned to the Georgia area and would be traveling extensively. At that time, Plaintiff

understood the travel would be at least 26 weeks a year and that he would have to stay in a hotel through the week.

21. Plaintiff was not reinstated to the same or substantially similar position upon his return from FMLA.

22. Plaintiff then spoke with Mr. Veitch and Mr. Davitt again. They asked Plaintiff if there were any other road-blocks for Plaintiff to perform his job duties. Plaintiff told them he wanted to work, but he could not commit to the extensive travel.

23. Mr. Veitch told Plaintiff that if he couldn't commit to all the travel, that Plaintiff would either need to resign or he would have to release Plaintiff. This was on January 14, 2021. Plaintiff turned in his phone and equipment and left.

24. Plaintiff was constructively discharged. His job as District Manager was reassigned to another below the age of 40. At the time of his termination, Plaintiff was 60 years of age.

25. Plaintiff was subjected to less-favorable terms, conditions and benefits of employment than younger employees of Defendant by Defendant's management.

26. Plaintiff alleges that, at all times relevant hereto, the actions of management were intentional and/or done in reckless disregard for his right to a work environment that is free of age discrimination.

27. Plaintiff avers that Defendant made no effort to protect him from age

discrimination and retaliated against him for taking leave under FMLA.

## CAUSES OF ACTION

### Count I

**Violation of the Age Discrimination in Employment Act
(29 U.S.C. § 623)**

28. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 27 above, as if fully set forth herein.

29. Plaintiff is a member of a protected class inasmuch as he was above the age of forty (40) years of age at the time of his demotion and termination.

30. At the time of his demotion and termination, Plaintiff was performing his job duties at a level that met Defendant's legitimate expectations.

31. After Plaintiff's demotion, he was replaced by a substantially-younger employee.

32. Plaintiff's demotion and termination was because of his age in violation of 29 U.S.C. §623.

33. By reason of the foregoing, Plaintiff is entitled to the declaratory and injunctive relief as set forth below.

### Count II

**Violation of the Retaliation Provisions of the
Age Discrimination in Employment Act
(29 U.S.C. § 621)**

34. Plaintiff repeats and reallege the allegations contained in paragraph 1

through 27 above, as if fully set forth herein.

35. Plaintiff engaged in ADEA protected expression by filing their Charge of Discrimination with the E.E.O.C.

36. Plaintiff was demoted by the Defendants and replaced by a younger employee and then terminated.

37. The above actions constituted an adverse employment action and were due to Plaintiff's complaints of age discrimination.

38. By reason of the foregoing, Plaintiff is entitled to the declaratory and injunctive relief as set forth below.

## Count III

### Retaliation and/or Interference in Violation of the Family and Medical Leave Act

39. Plaintiff repeats and reallege the allegations contained in paragraph 1 through 27 above, as if fully set forth herein.

40. Defendant is an employer in accordance with 29 U.S.C. §2611.

41. Plaintiff was an eligible employee at the time of his disability in that he was a person entitled to leave pursuant to the FMLA, 29 U.S.C. §2611 et seq. Plaintiff had been employed with Defendant for at least twelve (12) months and had worked more than One Thousand Two Hundred and Fifty (1250) hours in the preceding twelve months.

42. Defendant had knowledge of Plaintiff's need for medical care and

leave.

43. Defendant retaliated and/or took adverse action against Plaintiff due to his need for leave in violation of the FMLA 29 CFR § 825.220 by changing his job substantially upon his return to require extensive travel he was unable to handle.

44. Defendant wrongfully interfered with the Plaintiff's right to take leave or to return to work at same or an equivalent position.

45. As a result of the Defendant's actions, Plaintiff has suffered extreme harm, including but not limited to loss of employment opportunities, denial of wages, cost of medical care, compensation and other benefits and conditions of employment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment and relief against Defendant as follows:

a) Entering an Order accepting jurisdiction over this matter;

b) Declaring that Defendant engaged in conduct unlawful under the ADEA and/or the FMLA;

c) Awarding Plaintiff a judgment for all damages against Defendant allowed under the ADEA and or the FMLA;

d) Granting equitable, declaratory and/or injunctive relief as permitted to remedy the effects of Defendant's unlawful conduct;

e)  Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

f)  Granting such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Dated this the 20th day of December, 2021.

> s/ Teri Ryder Mastando
> Teri Ryder Mastando (ASB-4507-E53T)
> Eric J. Artrip (ASB-9673-I68E)
> MASTANDO & ARTRIP, LLC
> 301 Washington Street, Suite 302
> Huntsville, Alabama 35801
> Phone:  (256) 532-2222
> Fax:    (256) 513-7489
> teri@mastandoartrip.com
> artrip@mastandoartrip.com

**DEFENDANT'S ADDRESS OF SERVICE:**

Cook's Pest Control, Inc.
C/O James M Aycock
1741 5th Avenue SE
Decatur, AL 35601